JOHN W. ABBOTT *vs*. SHAWMUT MUTUAL FIRE INSURANCE COMPANY.

If a policy of insurance issued by a mutual insurance company contains a provision that it is "upon the express condition that the application upon which this policy is founded shall be held to be a warranty on the part of the insured, and as absolutely a part of this policy and of the contract of this insurance, as if it was actually written in and incorporated herewith in full," and the application contains a clause inserted after the printed questions by which the applicant covenants " that the foregoing is a full and correct description and statement of all the facts inquired for or material, in reference to this insurance," " that the above statements are substantially true," and " that the misrepresentation or suppression of any facts inquired for or material shall destroy his claim for a damage or loss," the applicant must be held to warrant that all facts inquired for are correctly given, whether material or not; and a policy issued to the " Abbott Worsted Co.," upon an application signed " Abbott Worsted Co., J. W. A., Treas.," will be rendered invalid, if in reply to a question in the application, " Whose is the property insured ? " the answer is " Applicants'," when in fact it belonged solely to J. W. A.: and parol proof is inadmissible to show that the true state of the title was known to the agent through whom the insurance was effected, if the policy contains a provision that every such agent is the agent of the applicant, and not of the company.

Such policy will also be rendered invalid if, in reply to a question in the application calling for the amount of incumbrance upon the property and a full and accurate statement of the true title and interest, the answer is that the property is mortgaged for $6600, when

it is in fact mortgaged for $6684; and if, in reply to the question, "How are the several stores occupied? State fully, giving the tenants," the answer is, "See plan," and the plan referred to does not disclose the names of all the tenants.

CONTRACT on a policy of insurance. The application upon which the policy was issued contained a clause inserted after the printed questions, portions of which are as follows : " And the applicant covenants and agrees with said company that the foregoing is a full and correct description and statement of all the facts inquired for or material, in reference to this insurance ; ' " that the above statements are substantially true, and that if a policy of insurance shall issue on this application, he hereby as- sumes all of the liabilities specified in said policy ; " and " that the misrepresentation or suppression of any facts inquired for or material shall destroy his claim for a damage or loss." The other material facts appear in the opinion.

In the superior court, a trial by jury was waived, and *Put- nam*, J. found for the plaintiff. The defendants alleged excep- tions.

*W. L. Burt*, for the defendants.

*J. G. Abbott & B. Dean*, for the plaintiff.

CHAPMAN, J. Policies of mutual fire insurance have of late become a very fruitful source of litigation. Parties seem to forget that, as they are mere contracts, they can be enforced only according to their terms ; and instead of examining them carefully, and taking legal advice, as prudence would often dic- tate, before accepting them, they trust to them without even taking pains to read them. At the same time, these companies have so multiplied that a great competition has sprung up among them, and many of them have deemed it expedient to encumber their policies with so many conditions that they can seldom be held responsible for losses, except at their own option The policy in suit is a remarkable instance of this. An exam- ination of it in connection with the form of the application and by-laws would lead many prudent men to decline taking it. It would require extraordinary diligence and accuracy to enable the assured to comply with its terms. And it is difficult to re- sist the conviction that it was prepared with the view of avoiding

legal responsibility to the policy holders, except at the option of the officers.

The form of application to be signed by the assured contains twenty seven interrogatories, and a great number of particular stipulations printed in very small type. The policy contains six conditions, the first of which is the following: " And this policy is upon the express condition that the application upon which this policy is founded shall be held to be a warranty on the part of the insured, and as absolutely a part of this policy and of the contract of this insurance, as if it was actually written in and incorporated herewith in full." If a warranty is untrue, even in a point immaterial to the risk, it avoids the policy. *Miles* v. *Connecticut Ins. Co.* 3 Gray, 580. Warranties are common in marine insurance, and they are often very important. But it is not usual to insert them in policies of fire insurance, nor is it necessary. Representations which must be true in all particulars material to the risk are usually adopted, and they are sufficient to protect the interest of companies. But if a mutual insurance company chooses to adopt stipulations of warranty, it may do so ; and whoever accepts a policy from it must comply with the terms, or his policy is void.

The plaintiff failed in his very first answer. The interrogatory is, " Whose is the property insured ? " Answer, " Applicants'." The applicants are the " Abbott Worsted Company," and the application is signed, " Abbott Worsted Co. J. W. Abbott, Treas." The property in fact belonged to him ; and this misstatement was a breach of the warranty, and the policy was void.

The plaintiff seeks to escape from this result by parol proof that the agent of the defendants with whom he effected the insurance knew that the plaintiff was the only person interested. But he is met by the following stipulation in the policy : " Every insurance agent, broker or other person, forwarding application or receiving premiums, is the agent of the applicant, and not of the company." Thus it appears by the contract that it was his agent, and not the agent of the defendants, who knew the truth of the matter.

It is further stated in the application, in reply to the question, " If the property is incumbered, state to whom and for what sum. State fully and accurately the true title and interest," that the property is mortgaged for $6600, when it was in fact mortgaged for $6684. Whether this difference is material or not, it avoids the policy; for one of the conditions expressed is that the policy shall be void " unless the true title and interest of the assured be expressed in the proposal or application for insurance, and unless all incumbrances and the amount and nature thereof be therein disclosed." The amount of this incumbrance was not disclosed.

The 18th interrogatory is as follows : " How are the several stores occupied ? State fully, giving the tenants, and the nature of the business done by each." Answer, " See plan." At that time, and until the time of the loss, the firm of Calvert & Sargent were occupying a part of the buildings as a machine shop, and another part for wood work connected with their machine business. Yet the plan does not disclose this fact. But the third condition of the policy is, " Unless the applicant for insurance shall make a correct description and statement of all facts required or inquired for in the application, and also all other facts material in reference to the insurance, or to the risk, or the value of the property, the policy issued thereon shall be void." The answer does not comply with that condition.

There are yet seven other objections urged against the plaintiff's right to recover ; but they need not be discussed, as those already considered are sufficient to defeat his claim.

*Exceptions sustained.*